UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RODRIGUEZ, individually
and on behalf of all others similarly situated                              PLAINTIFF

v.                                   No. 2:23-cv-2002

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                       DEFENDANT

                                        and

JESSICA SMEDLEY, *et al.*, individually
and on behalf of all others similarly situated                            PLAINTIFFS

v.                                   No. 2:23-cv-2021

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                       DEFENDANT

                                        and

TANANDA SMITH, *et al.*, individually
and on behalf of all others similarly situated                            PLAINTIFFS

v.                                   No. 2:23-cv-2023

MENA REGIONAL HEALTH SYSTEM                                       DEFENDANT

                                        and

CHRIS CANT, *et al.*, individually
and on behalf of all others similarly situated                            PLAINTIFFS

v.                                   No. 2:23-cv-2027

MENA REGIONAL HEALTH SYSTEM
d/b/a MENA HOSPITAL COMMISSION;
JOHN DOE INSURANCE CARRIER                                       DEFENDANTS

                                        and

CARL SCHOOLFIELD, individually
and on behalf of all others similarly situated                              PLAINTIFF

1

v.                                    No. 2:23-cv-2031

MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                    DEFENDANT

## ORDER

Before the Court is Plaintiffs' unopposed motion (Doc. 22) to consolidate cases and

Plaintiffs' motion (Doc. 26) to appoint counsel.  Both motions are filed in Case No. 2:23-cv-2002.

Both motions will be GRANTED.  Federal Rule of Civil Procedure 42(a) permits the consolidation

of separate actions "if actions before the court involve a common question of law or fact."  District

courts have broad discretion to decide if consolidation is appropriate, and the decision is highly

contextual.  9A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2383 (3d

ed. 2022).  Consolidation can be appropriate when "actions involve[] common parties, overlapping

legal issues, and related factual scenarios," and when "the consolidation itself [does] not cause

unfair prejudice." *Horizon Asset Mgmt. Inc. v. H&R Block, Inc.*, 580 F.3d 755, 768 (8th Cir. 2009).

While different plaintiffs bring the above-captioned actions, the actions all arise out of the

same data breach that Defendant described in a Notice of Security Incident.  (Doc. 23, p. 5).  The

plaintiffs from all five actions jointly bring this motion to consolidate.  Defendant denies the

allegations in the actions but does not oppose consolidation.  (Doc. 22, p. 4).  Because the motion

is unopposed, the actions involve overlapping parties, and the actions involve common questions

of law and fact, they will be consolidated in the interest of judicial efficiency.

Consolidating these actions creates two logistical issues: appointing interim class counsel

and resolving pending motions in the now-consolidated actions.  Before class certification, "the

court may designate interim counsel to act on behalf of a putative class."  Fed. R. Civ. P. 23(g)(3).

The Court directed the parties to submit a proposed leadership structure. (Doc. 24). Plaintiffs then moved to appoint counsel. (Doc. 26). Plaintiffs submitted the following proposal:

> Plaintiffs respectfully request the Court appoint Bryan L. Bleichner (Chestnut Cambronne PA) and Danielle L. Perry as Interim Co-Lead Class Counsel ("Co-Lead Counsel"). Plaintiffs also respectfully request the Court appoint Randall K. Pulliam (Carney Bates & Pulliam, LLC) as Liaison Counsel ("Liaison Counsel").

(Doc. 26, p. 2–3). This proposed leadership structure is supported by all plaintiffs and firms representing those plaintiffs across the five actions. (Doc. 27, p. 14). As with the motion to consolidate, Defendant denies the allegations in the actions but does not oppose the requested appointment. (Doc. 26, p. 3). Upon review of the proposed leadership structure, the Court finds that it is appropriate, and the Court will appoint Bryan L. Bleichner and Danielle L. Perry as Interim Co-Lead Counsel for the proposed class under Federal Rule of Civil Procedure Rule 23(g). The Court will also appoint Randall K. Pulliam as Liaison Counsel. The Interim Co-Lead Counsel and Liaison Counsel are directed to file their notices of appearance and any necessary pro hac vice motions in the lead case on or before **Thursday, April 27, 2023**.

The final issue is the pending motions to dismiss filed in each of the five actions. Plaintiffs seek 30 days to file a consolidated complaint. (Doc. 22, p. 4). The Court agrees this is appropriate. Plaintiffs are directed to file a consolidated complaint on or before **Monday, May 22, 2023.** After Plaintiffs submit the consolidated complaint, the Court will deny as moot the pending motions to dismiss in the consolidated actions. *Cf. Schlafly v. Eagle F.*, 970 F.3d 924, 933 (8th Cir. 2020) ("[A]n amended complaint supercedes an original complaint and renders the original complaint without legal effect."). Defendant will have 21 days from the filing of the consolidated complaint to either answer or move to dismiss the consolidated complaint under Federal Rule of Civil Procedure 12.

The parties in several of the consolidated cases have submitted Joint Reports from their Rule 26(f) meetings. The Interim Co-Lead Counsel and Defense Counsel are directed to have a second rule 26(f) meeting and submit an amended report to account for any changes because of this consolidation. The parties shall submit an amended rule 26(f) report with a proposed trial date and proposed deadlines on or before **Thursday, May 4, 2023**. The parties can refer to the initial scheduling order (Doc. 19) in this action to see the Court's standard deadlines. After receiving the amended report, the Court will enter a final scheduling order.

Finally, the Court will attach as an appendix a new caption the parties shall use on pleadings, motions, and other documents moving forward. *See* Appendix A. Although the docket for all cases will remain open at this time, **all future filings related to either case shall be made only in the lead case, Case No. 2:23-cv-2002**. Only the Interim Co-Lead Counsel and Liaison Counsel should submit pleadings, motions, and other documents.

IT IS THEREFORE ORDERED that *David Rodriguez v. Mena Regional Health System*, Case No. 2:23-cv-2002, is CONSOLIDATED with:

- *Jessica Smedley et al. v. Mena Regional Health System*, Case No. 2:23-cv-2021;

- *Tananda Smith et al. v. Mena Regional Health System*, Case No. 2:23-cv-2023;

- *Chris Cant et al. v. Mena Regional Health System et al.*, Case No. 2:23-cv-2027; and

- *Carl Schoolfield v. Mena Regional Health System*, Case No. 2:23-cv-2031.

IT IS FURTHER ORDERED that the Court will appoint Bryan L. Bleichner and Danielle L. Perry as Interim Co-Lead Counsel for the proposed class under Federal Rule of Civil Procedure Rule 23(g). The Court will also appoint Randall K. Pulliam as Liaison Counsel.

5

IT IS FURTHER ORDERED that the Interim Co-Lead Counsel and Liaison Counsel are directed to file their notices of appearance in the lead case and any necessary pro hac vice motions on or before **Thursday, April 27, 2023**.

IT IS FURTHER ORDERED that the parties shall submit an amended Rule 26(f) report with a proposed trial date and proposed deadlines on or before **Thursday, May 4, 2023**.

IT IS FURTHER ORDERED that Plaintiffs must submit a consolidated complaint on or before **Monday, May 22, 2023.**  Defendant will have 21 days from the filing of the consolidated complaint to either answer or move to dismiss the consolidated complaint under Federal Rule of Civil Procedure 12.

IT IS FURTHER ORDERED that the Clerk shall enter this Order in each of the consolidated cases.  Although the docket for all cases will remain open at this time, **all future filings related to either case shall be made only in the lead case, Case No. 2:23-cv-2002**.

IT IS SO ORDERED this 20th day of April, 2023.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE

**Appendix A**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

DAVID RODRIGUEZ, individually
and on behalf of all others similarly situated                                    PLAINTIFF


v.                                               No. 2:23-cv-2002


MENA HOSPITAL COMMISSION d/b/a
MENA REGIONAL HEALTH SYSTEM                                              DEFENDANT


This Document Relates to ["All Actions" or
specify by title and case number the individual
applicable cases if the document relates to
less than all of the consolidated cases].